UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**DARYL ROSE,** individually

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.**, an Ohio corporation and **HEALTHCARE REVENUE RECOVERY GROUP LLC. D/B/A ARS ACCOUNT RESOLUTION**, a Florida limited liability company

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, DARYL ROSE, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory and/or actual damages, and attorney's fees for violations under the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), and against Defendant, HEALTHCARE REVENUE RECOVERY GROUP LLC. D/B/A ARS ACCOUNT RESOLUTION, for statutory and/or actual damages, and attorney's fees for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA") hereinafter, collectively "Defendants", and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and 15 U.S.C. §1681 *et*

*seq*. and 16 U.S.C. §1692 *et seq.*

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful practices alleged herein took place in Palm Beach County, Florida, and the Defendant, EXPERIAN is an Ohio corporation who transacts business in Palm Beach County, Florida, and Defendant, HEALTHCARE REVENUE RECOVERY GROUP LLC. D/B/A ARS ACCOUNT RESOLUTION is a Florida limited liability company who transacts business in Palm Beach County, Florida and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, DARYL ROSE is an individual residing in the County of Palm Beach, State of Florida, and is a "consumer" as defined by §1681a(c) of the FCRA and as amended in §1692 *et seq.*, and 15 U.S.C. §1692a(3) of the FDCPA.

4. Plaintiff brings this action against Defendants based on the Defendants' practice of violating 15 U.S.C. §1681i, a provision of the FCRA, and 15 U.S.C. §1692a(3), a provision of the FDCPA.

5. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is a corporation incorporated under the laws of the State of Ohio authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6. Defendant, HEALTHCARE REVENUE RECOVERY GROUP LLC. D/B/A ARS ACCOUNT RESOLUTION ("ARS"), a Florida limited liability company, that regularly conducts business in the State of Florida where it engages and conducts business and Defendant is considered a "person" pursuant to 15 U.S.C. §1692a(3) of the FDCPA.

## BACKGROUND

7. The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

8. The FCRA, codified as 15 U.S.C. §1681a provides as follows:

> (1)(a)   A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
>
> (1)(b)   A person shall not furnish any information relating to a consumer to any consumer reporting agency if –
> (i)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
> (ii)   the information is, in fact, inaccurate.
>
> (2)   A person who –
> (A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
> (B)   has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

9. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

10. Plaintiff is alleged to have incurred a financial obligation for which Defendant ARS is attempting to collect on behalf of the original creditor or as an assignee of the original creditor. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

11. On or about, March 29, 2013, the Plaintiff mailed a dispute letter, to the Defendant ARS.

12. Defendant ARS received Plaintiff's letter on April 8, 2013.

13. On or about, September 17, 2013, the Plaintiff mailed a dispute letter to the Defendant, EXPERIAN, in which Plaintiff requested that the Defendant, EXPERIAN verify and update Plaintiff's account information for the tradeline with Defendant ARS.

14. Plaintiff specifically referenced the account on Plaintiff's credit report reported by the Defendant, Healthcare Revenue Recovery Group LLC. D/B/A ARS Account Resolution and requested that the information be updated.

15. Defendant, EXPERIAN received Plaintiff's dispute letter and upon information and belief, sent either a consumer dispute verification form and/or an electronic automated consumer dispute verification form to the Defendant, HEALTHCARE REVENUE RECOVERY GROUP LLC. D/B/A ARS ACCOUNT RESOLUTION.

16. However, despite having received a letter from the Plaintiff, Defendant, EXPERIAN failed to properly conduct a reasonable investigation and make the corrections to the Plaintiff's credit profile as required by 15 U.S.C. §1681i.

17. As a result of this negligent and willful violation of §1681c(g), Plaintiff has suffered

damages as a result of Defendants incorrectly reporting Plaintiff's credit worthiness, Plaintiff's impaired ability to rebuild Plaintiff's credit worthiness, Defendants' misinforming third-parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, Plaintiff's inability to obtain and benefit from new credit, damage to reputation, invasion of privacy, interference with Plaintiff's normal and usual activities, and Plaintiff's mental and emotional pain, anguish, frustration, humiliation, anxiety, fear, and embarrassment of credit denials.

18. As such, Defendant is liable to Plaintiff as promulgated by Congress in 15 U.S.C. §1681n which provides as follows:

   (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
   (1)  (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
        (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
   (2)  such amount of punitive damages as the court may allow; and
   (3)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORING ACT
## BY DEFENDANT EXPERIAN, 15 U.S.C. §1681e(b)

19. Plaintiff re-alleges and incorporates the background allegations contained herein, except those allegations that only apply to the Fair Debt Collection Practices Act.

20. Defendant, EXPERIAN, violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

22. Defendant, EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23. The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff, prays that this Court enter the following relief against the Defendant:

(a) Actual Damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent violation as alleged herein;

(b) Statutory Damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful violation as alleged herein;

(c) Punitive Damages under 15 U.S.C. §1681n(a)(2);

(d) Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1681n(a)(3) and §1681o(a)(2);

(e) Interest as permitted by law; and

(f) Such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORING ACT
## BY DEFENDANT EXPERIAN, 15 U.S.C. §1681i

24. Plaintiff re-alleges and incorporates the background allegations contained herein, except those allegations that only apply to the Fair Debt Collection Practices Act.

25. Defendant, EXPERIAN violated 15 U.S.C. §1681i on multiple occasions by failing to correct, update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

26. As a result of this conduct, action and inaction of Defendant, EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

27. Defendant, EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff, prays that this Court enter the following relief against the Defendant:

(a) Actual Damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent

      violation as alleged herein;

(b) Statutory Damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful violation as alleged herein;

(c) Punitive Damages under 15 U.S.C. §1681n(a)(2);

(d) Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1681n(a)(3) and §1681o(a)(2);

(e) Interest as permitted by law; and

(f) Such other and further relief including as the Court deems equitable and just under the circumstances.

<u>**COUNT III**</u>
<u>**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>
<u>**15 U.S.C. §1692 et seq. AGAINST DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP LLC. D/B/A ARS ACCOUNT RESOLUTION**</u>

29. Plaintiff re-alleges and incorporates the background allegations contained herein, except those allegations that only apply to the Fair Credit Reporting Act.

30. On or about, March 29, 2013, the Plaintiff mailed a dispute letter, to the Defendant ARS.

31. Defendant ARS is in receipt of Plaintiff's letter.

32. Defendant violated 15 U.S.C. 1692e(8) by failing to communicate that a disputed debt is disputed.

33. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

34. As a result of Defendant ARS's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00

pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant ARS for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant ARS, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper in the sound discretion of this Court.

## JURY TRIAL DEMAND

35. Plaintiff request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  December 13, 2013

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com

By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842